## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. LONG, III, and LONG
HAULING & EXCAVATION, INC.,

Plaintiffs and Counter -Defendants,

          vs.

EQUICROSS, INC., A FLORIDA
CORPORATION, and AIRUS MEDIAL,
INC., A FLORIDA CORPORATION.

Defendants and Counter-Claimants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:13-cv-61
Judge Nora Barry Fischer

## ORDER OF COURT

AND NOW, this 8th day of April, 2014, upon consideration of the Report and Recommendation of Chief Magistrate Judge Lisa Pupo Lenihan, (Docket No. [38]), the Objections to same filed by Equicross, Inc. and Airus Media, Inc. ("Defendants"), (Docket No. [39]), and the Brief in Opposition thereto filed by William J. Long, III and Long Hauling and Excavating, Inc. (collectively "Long"), (Docket No. [40]), and after conducting a *de novo* review of the files on record as to the Motion to Enforce Injunction and Settlement Agreement filed by Defendants (Docket No. [29]), including the parties' Settlement Agreement, (Docket No. [25-1]), the Stipulated Injunction and Order (Docket No. [27]), Defendants' Motion (Docket No. [29]), Long's Brief in Response, (Docket No. [30]), and Defendants' Reply, (Docket No. [34]),

IT IS HEREBY ORDERED that Defendants' Objections to the Report and Recommendation of Chief Magistrate Judge Lenihan [39] are OVERRULED. To this end, the Court finds that Chief Magistrate Judge Lenihan did not err by denying Defendants' request for "all fees and costs incurred by Equicross in seeking the enforcement of the Agreement and the

Injunction" because neither the parties' Settlement Agreement nor the Stipulated Injunction and Order authorize Defendants' purported recovery of "all fees and costs" which they requested and they have not submitted any evidence (such as attorney billing records or invoices for costs) in support of their bare request for attorney's fees and costs. Instead, both the Settlement Agreement and the Stipulation and Injunction Order expressly provide that in the event of a breach, Long shall be ordered "to pay all **reasonable** fees and costs incurred by EquiCross in seeking the enforcement" of same. *Id.* (emphasis added). As to Defendants' objection that the Settlement Agreement was improperly interpreted by Chief Magistrate Judge Lenihan, Pennsylvania law is well established that an agreement for one of the parties to pay "reasonable" attorney's fees and costs in the event of a breach does not authorize the award of "all" of the opponent's attorney's fees and costs, particularly where only a partial breach occurred. *See Evergreen Comm. Power LLC v. Riggs Distler & Co., Inc.*, 513 F. App'x 236, 239-40 (3d Cir. 2013) (affirming District Court's decision "that it would not be 'reasonable' to award [plaintiff] all of its claimed attorneys' fees given its limited success at trial"). With respect to the Stipulated Order and Injunction, this Court retains inherent authority to interpret its own Orders, *see E.E.O.C. v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, n.5 (W.D. Pa. Jun. 26, 2012), and Chief Magistrate Judge Lenihan's recommendation that the Stipulation and Order should be interpreted by the Court in a manner to deny the request for "all fees and costs" because Long adopted "a non-frivolous – albeit unsuccessful" position in opposition to the motion to enforce settlement rather than engaged in bad faith and/or vexatious litigation conduct is reasonable and adopted by this Court. For these reasons, Defendants' Motion for all fees and costs in conjunction with enforcement of the settlement is appropriately denied because it lacks both legal and factual support.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lisa Pupo Lenihan (Docket No. [38]) is adopted as the Opinion of this Court, except that this Court's Order below will reflect a more precise disposition of Defendant's Motion as granted, in part and denied, in part;

IT IS FURTHER ORDERED that, consistent with Chief Judge Lenihan's Report and Recommendation, Defendants' Motion to Enforce Injunction and Settlement Agreement [29] is GRANTED, IN PART and DENIED, IN PART. Such Motion is granted to the extent that Long must provide a new draft Data Protocol from the Computer Consultant within twenty (20) days of this Order. Such Motion is denied to the extent that Defendants seek fees and costs associated with the filing and pursuit of enforcement of the settlement against Long and insofar as Defendants request that the duration of the restrictions set forth in Paragraphs 4 and 5 of the Settlement Agreement be extended.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


cc/ecf: All counsel of record

Chief Magistrate Judge Lisa Pupo Lenihan